O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUIANA NORRIS,<br><br>        Plaintiff,<br><br>    vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,[1]<br><br>        Defendant. | Case No. EDCV 12-1687 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

     The Court now rules as follows with respect to the one disputed issue listed in the Joint Stipulation, which is directed to the determination of the Administrative Law Judge ("ALJ") that plaintiff was able to perform other work in the national economy, based on the testimony of the vocational expert ("VE").[2]

---

    [1]    The Acting Commissioner is hereby substituted as the defendant pursuant to Fed. R. Civ. P. 25(d).  No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

    [2]    As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties.  In (continued...)

Where, as here, the testimony of a VE is used at step five of the sequential evaluation process, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy. See Osenbrock v. Apfel, 240 F.3d 1157, 1162-63 (9th Cir. 2001); Burkhart v. Bowen, 856 F.2d 1335, 1340 n.3 (9th Cir. 1988); 20 C.F.R. §§ 404.1566(b), 416.966(b).  However, the Dictionary of Occupational Titles ("DOT") is the Commissioner's "primary source of reliable job information" and creates a rebuttal presumption as to a job classification. See Johnson v. Shalala, 60 F.3d. 1428, 1434 n.6, 1435 (9th Cir. 1995); see also Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008). Accordingly, an ALJ may rely on VE testimony that contradicts the DOT only insofar as the record contains persuasive evidence to support the deviation. See Johnson, 60 F.3d at 1435; see also Tommasetti, 533 F.3d at 1042; Light v. Social Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997).

Here, the ALJ determined that plaintiff had a residual functional capacity ("RFC") for a full range of work at all exertional levels but with the following non-exertional limitations: no loud background noise; a requirement for one-to-one listening/talking ability; no hearing required for safety; simple, repetitive tasks; no interaction with the public; no tasks requiring hypervigilance; and no fast-paced work. (See AR 19.) After taking the testimony of a VE, the ALJ determined that plaintiff could perform the jobs of hand packager, cleaner/housekeeper, and electronics worker. (See AR 24.) The ALJ found that the VE's testimony was consistent with information contained in the DOT. (See id.)

---

[2](...continued)
accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

A.     The Commissioner's Preliminary Contentions

Preliminarily, the Commissioner makes three contentions in defense of the ALJ's step five determination, each of which the Court rejects. First, the Commissioner contends that since plaintiff failed to challenge the VE's testimony at the administrative hearing, it was proper for the ALJ to rely on that testimony under Wentz v. Commissioner Social Sec. Admin., 401 Fed. Appx. 189, 191 (9th Cir. 2010). (See Jt Stip at 7.) In Wentz, the Ninth Circuit found that an ALJ's reliance on a VE's testimony was proper where the ALJ asked the VE to identify any conflicts between her testimony and the DOT, the VE identified no such conflicts, and the claimant's attorney cross-examined the VE but did not challenge her representation that her testimony comported with the DOT. See id. The Court finds that Wentz is distinguishable because it fails to address the ALJ's obligations in cases where, as in this case, there is in fact a potential conflict between the VE's testimony and the DOT. In such cases, the ALJ must "determine whether the expert's testimony deviates from the Dictionary of Occupational Titles and whether there is a reasonable explanation for any deviation." See Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007). The ALJ did not make such determinations here.

Second, the Commissioner contends that, assuming there was a potential conflict between the VE's testimony and the DOT, there was persuasive evidence to support the deviation because the VE identified jobs that were available locally, rather than only nationally. (See Jt Stip at 7 n.2.) However, the Court notes that the VE's identification of jobs in the local market by itself does not constitute persuasive evidence. Instead, the VE's testimony must also match the specific requirements of such jobs with a claimant's limitations. See Johnson, 60 F.3d at 1435 ("Here, there was persuasive testimony of available job categories in the local rather than the national market, **and** testimony matching the specific requirements of a designated occupation with the specific abilities and limitations of the claimant.") (emphasis added). There was no such testimony here.

1    Third, the Commissioner contends that, assuming none of the three jobs
2 identified by the ALJ could be performed by a person with plaintiff's limitations,
3 there still was substantial evidence to support the step five determination because the
4 VE identified a fourth job, office helper, which plaintiff does not challenge. (See Jt
5 Stip at 12-13.) However, the ALJ did not find that plaintiff was able to perform the
6 office helper job. Because the ALJ did not rely on this reason to support his
7 determination of non-disability, the Court is unable to consider it. See Connett v.
8 Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health and Human
9 Svcs., 933 F.2d 735, 738 (9th Cir. 1991).

11   B.   The ALJ's step five determination
12    As discussed below, the Court finds and concludes that the ALJ could not
13 properly rely on the VE's testimony because, with respect to each of the three jobs
14 used to support the ALJ's step five determination, there was a conflict between the
15 VE's testimony and the DOT, and there was not persuasive evidence to support the
16 deviation.

18        1.   Hand packager
19    The job of hand packager (DOT No. 920.587-018) entails a noise level that is
20 rated "loud." The Court finds that this condition conflicts with plaintiff's limitation
21 to no loud background noise.
22    Although the Commissioner points out that the VE testified that none of the
23 jobs she identified would entail loud background noise (see Jt Stip at 12; see also AR
24 63), this does not constitute persuasive evidence to support the deviation. The VE's
25 brief and generic testimony about background noise failed to match the specific
26 requirements of the hand packager job with plaintiff's limitations and was insufficient
27 to provide a reasonable basis for relying on the VE's testimony. See Tommasetti, 533
28 F.3d at 1042 (VE's brief and indefinite testimony was insufficient to support

deviation from DOT where ALJ did not identify what aspect of the VE's experience warranted deviation from the DOT and did not point to any evidence in the record other than the VE's sparse testimony for the deviation).[3]

### 2. Cleaner/housekeeper

The job of cleaner/housekeeper (DOT No. 323.687-014) entails a duty to render personal assistance to patrons. The Court finds that this requirement conflicts with plaintiff's limitation to no interaction with the public. See Pardue v. Astrue, 2011 WL 5520301, at *4 (C.D. Cal. Nov. 14, 2011) (finding inconsistency between DOT description of cleaner job and plaintiff's limitation to no public contact); Barton v. Astrue, 2012 WL 5457462, at *3 (C.D. Cal. Nov. 8, 2012) (same).

The Commissioner contends that there is no conflict because the fifth digit of the DOT code for the cleaner/housekeeper job, which signifies the job's relationship to "People," indicates the lowest possible rating for dealing with people. (See Jt Stip at 9.) Specifically, the fifth digit of the DOT code for the cleaner/housekeeper job

---

[3] The Court further notes that the VE's sparse testimony and the ALJ's lack of specific findings in support of his step five determination make it difficult for the Court to review the ALJ's determination. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (commenting that where "the ALJ made very few findings and relied largely on the conclusions of the vocational expert, it is difficult for this Court to review his decision"). Moreover, it is well-established that the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered, and that this special duty exists even when the claimant is represented by counsel. See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983); see also Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered . . . when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence."). In the Court's view, the ALJ failed in his duty to properly develop the record when he did not follow up on the VE's testimony that none of the jobs she identified would entail loud background noise, when such testimony clearly conflicted with what was stated in the DOT regarding the hand packager job.

5

(DOT No. 323.687-014), which is an "8," addresses "Taking Instructions - Helping" and expressly requires "Attending to the work assignment instructions or orders of supervisor. (No immediate response required unless clarification of instructions or orders is needed.) Helping applies to 'non-learning' helpers."[4]  However, the Court notes that this information about the relevant DOT code, which only addresses the ability to take instructions from a supervisor and to provide help at a "non-learning" level, fails to address plaintiff's separate limitation to no interaction with the public. See Liveoak v. Astrue, 2013 WL 183710, at *15 (N.D. Okla. Jan. 17, 2013) (finding that fifth digit of DOT Code of "eight" signifies possible contact with co-workers or supervisors, not the general public). Accordingly, the Court rejects the Commissioner's argument that there was no conflict between the VE's testimony and the DOT with respect to the cleaner/housekeeper job because of the relevant portion of the DOT code.

Moreover, the record does not contain any evidence, much less persuasive evidence, to support the deviation with respect to the cleaner/housekeeper job.

### 3. Electronics Worker

The job of electronics worker (DOT No. 726.687-010) entails exposure to toxic caustic chemicals, a condition that exists "occasionally." The Court finds that this requirement conflicts with plaintiff's limitation to no tasks requiring hypervigilance. See Oviatt v. Astrue, 2012 WL 680347, at *5 (C.D. Cal. Feb. 29, 2012) (finding conflict between DOT description of electronic worker job and plaintiff's limitation to no hypervigilance).

The Commissioner contends that there is no conflict because the sixth digit of the DOT code for the electronics worker job, which signifies the job's relationship to "Things," indicates that there is little or no latitude for judgment with respect to

---

[4] See http://www.occupationalinfo.org/appendxb_1.html.

things. (See Jt Stip at 11.) Specifically, the sixth digit of the DOT code for the electronics worker job (DOT No. 726.687-010), which is a "7," addresses "Handling" and expressly requires "Using body members, handtools, and/or special devices to work, move, or carry objects or materials. Involves little or no latitude for judgment with regard to attainment of standards or in selecting appropriate tool, object, or materials." However, the Court notes that this information about the relevant DOT code, which only addresses the type of handling that is involved in the electronics worker job, fails to address plaintiff's separate limitation against exercising hypervigilance to avoid things that are potentially harmful, such as toxic caustic chemicals. Accordingly, the Court rejects the Commissioner's argument that there was no conflict between the VE's testimony and the DOT with respect to the electronics worker job because of the relevant portion of the DOT code.

Moreover, the record does not contain any evidence, much less persuasive evidence, to support the deviation with respect to the electronics worker job.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985). //

1  The Court has concluded that this is not an instance where no useful purpose
2  would be served by further administrative proceedings; rather, additional
3  administrative proceedings still could remedy the defects in the ALJ's decision.
4  Accordingly, IT IS HEREBY ORDERED that, pursuant to sentence four of 42
5  U.S.C. § 405(g), Judgment be entered reversing the decision of the Commissioner of
6  Social Security and remanding this matter for further administrative proceedings.[5]

DATED: July 11, 2013

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] It is not the Court's intent to limit the scope of the remand.