1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

QUIANA NORRIS,

           Plaintiff,

      vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

         Defendant.

                    )
                    )

Case No. EDCV 12-1687 RNB

ORDER DENYING COMMISSIONER'S
MOTION TO AMEND JUDGMENT

18

19

     Now pending before the Court and ready for decision is the Commissioner's
Motion to Amend Judgment, pursuant to Fed. R. Civ. P. 59(e).

20

21

22

23

24

25

26

27

28

     Relief under Rule 59(e) is "an extraordinary remedy, to be used sparingly in the
interests of finality and conservation of judicial resources." See Carroll v. Nakatani,
342 F.3d 934, 945 (9th Cir. 2003).  Accordingly, such relief should not be granted
"unless the district court is presented with newly discovered evidence, committed
*clear error*, or if there is an intervening change in the controlling law." See
McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original),
cert. denied, 529 U.S. 1082 (2000).  Here, the Commissioner is not alleging the
existence of newly discovered evidence or an intervening change in the controlling
law; therefore, the only question is whether the Court committed clear error.  The

1   Commissioner's motion raises the following three contentions of clear error, each of

2   which the Court rejects.[1]

3

4   A.   The Court did not commit clear error by misstating the ALJ's step five finding.

5       During the administrative hearing, the ALJ asked the vocational expert ("VE")

6   whether her testimony had been consistent with the Dictionary of Occupational Titles

7   ("DOT"), and the VE replied that it was. (See AR 64.) The Commissioner contends

8   that the Court committed clear error by misstating this fact. Specifically, in her

9   motion, the Commissioner asserts, "The Court's finding that the ALJ failed to inquire

10  into any inconsistency between the VE's testimony and the DOT is manifest error of

11  fact." (See Motion at 1.) In her Reply, the Commissioner similarly asserts, "The

12  Court found the ALJ failed to determine whether the VE's testimony deviated from

13  the DOT. [Citing Order at 2.] That finding is clearly, indisputably incorrect." (See

14  Reply at 6.)

15      The Court made no such finding. Rather, the Court stated, "The ALJ found

16  that the VE's testimony was consistent with the information contained in the DOT."

17  (See Order at 2.) It went without saying that, before the ALJ made such a finding, the

18  ALJ did in fact "inquire into any inconsistency between the VE's testimony and the

19  DOT." The Court's omission of this preliminary fact, which easily could have been

20  inferred from the Court's summary of the case, was not a "manifest error of fact," nor

21  was it "clearly, indisputably incorrect."

22

23  _____

24      [1]    In an apparent reference to the Rule 59(e) standard, plaintiff has filed an
        Opposition repeatedly stating that the Court was not "clearly wrong" in its decision.
25      (See Opposition at 5, 8, 12, 14, 17.) The Commissioner states, "Surprisingly, though
        perhaps tellingly, Plaintiff does not assert that the Court was clearly correct." (See
26      Reply at 1.) The Court sees nothing surprising or telling about plaintiff's statements
        because, as noted, the relevant standard is whether the Court's decision contained
27      "clear error," not whether it was "clearly correct."
28

2

1    The Court did state elsewhere in its Order that an ALJ "must determine whether
2    the expert's testimony deviates from the Dictionary of Occupational Titles and
3    whether there is a reasonable explanation for any deviation" and found that the ALJ
4    "did not make such determinations here."  (See Order at 3.)  Although the
5    Commissioner's Motion is not entirely clear on this point, it is possible that the
6    Commissioner is contending that the Court clearly erred in making this finding
7    because the ALJ did in fact adequately "determine whether the expert's testimony
8    deviates from the Dictionary of Occupational Titles."  As discussed below, the Court
9    disagrees.

10

11   B.   The Court did not commit clear error by finding that the ALJ could not
12        properly rely on the VE's testimony.

13       The crux of the Commissioner's motion is her contention that the Court's
14   decision was clearly erroneous because the ALJ's step five finding comported with
15   the Ninth Circuit's decision in Wentz v. Commissioner Social Sec. Admin., 401 Fed.
16   Appx. 189 (9th Cir. 2010).  (See Motion at 2, 3, 4; Reply at 7, 8, 9.)  In Wentz, the
17   Ninth Circuit found that an ALJ adequately determined whether the VE's testimony
18   deviated from the DOT where (1) the ALJ asked the VE to identify any conflicts
19   between her testimony and the DOT; (2) the VE identified no such conflicts; and (3)
20   the claimant's attorney cross-examined the VE but did not challenge her
21   representation that her testimony comported with the DOT.  See Wentz, 401 Fed.
22   Appx. at 191.  Here, as in Wentz, the ALJ asked the VE whether her testimony had
23   been consistent with the Dictionary of Occupational Titles ("DOT"), the VE replied
24   that it was, and plaintiff's attorney cross-examined the VE without challenging her
25   representation that her testimony comported with the DOT.  (See AR 64-65.)
26   Accordingly, the Commissioner contends that the Court clearly erred by finding that
27   any further inquiry was required of the ALJ as to apparent conflicts between the VE's
28   testimony and the DOT.  (See Motion at 3-4.)

3

1         Preliminarily, the Court notes that another district court in the Ninth Circuit has

2  already rejected a Rule 59(e) motion in which the Commissioner had argued that

3  Wentz mandated a finding of clear error. See Gonzales v. Astrue, 2012 WL 2064947,

4  at *2-*6 (E.D. Cal. June 7, 2012). As discussed hereafter, the Court concurs with the

5  reasoning in Gonzales in multiple respects and rejects the Commissioner's contention

6  of clear error based on Wentz for the following reasons.

7         First, Wentz is an unpublished memorandum decision and therefore is not

8  binding precedent. See Ninth Circuit Rule 36-3(a)-(b); see also Gonzales, 2012 WL

9  2064947, at *2 and n.3 ("Unpublished memoranda decisions of the Ninth Circuit are

10  not binding, and the Court is entitled to weigh the persuasive authority on the matter

11  and apply the rationale it finds most convincing.").

12         Second, in addition to Wentz, the Commissioner has repeatedly cited the

13  opinion of another district court in the Ninth Circuit, Lair v. Colvin, 2013 WL

14  1247708 (C.D. Cal. Mar. 25, 2013), which does not support the Commissioner's

15  position when read in full. (See Motion at 3, 6, 7; Reply at 7, 10.) The

16  Commissioner points out that in Lair, the court stated, "Because the VE testified that

17  there was no conflict between plaintiff's RFC and the DOT and because plaintiff's

18  counsel did not question the VE regarding any alleged inconsistencies between the

19  DOT and plaintiff's RFC, the ALJ was entitled to rely upon the VE's testimony." See

20  Lair, 2013 WL 1247708, at *4. However, the Commissioner fails to mention the

21  important fact that Lair still fully considered whether there was an apparent conflict

22  between VE's testimony and the DOT and found no such conflict, see id., a

23  consideration which the Commissioner contends is completely unnecessary under

24  Wentz.

25         Third, as the Court found in its Order, Wentz is distinguishable because it

26  failed to address the ALJ's obligations in cases where, as in this case, there was in

27  fact an apparent conflict between the VE's testimony and the DOT. (See Order at 3.)

28  Indeed, it appears that such an obligation never became an issue in Wentz because

1   there was no such conflict.  See Gonzales, 2012 WL 2064947, at *3 ("The Ninth
2   Circuit's affirmance of Wentz appears predicated on the district court's finding that
3   there was no inconsistency or apparent inconsistency between the VE's testimony and
4   the DOT.").

5       Fourth, the contentions underlying the Commissioner's position are
6   unsupported by clear authority and cannot be reconciled with existing authority.
7   Specifically, the Commissioner cites no authority that supports her repeated
8   contention that the ALJ's obligation to resolve conflicts between a VE's testimony
9   and the DOT arises "only" when the VE identifies such a conflict.  (See Motion at 3;
10  Reply at 7.)  Rather, the authority cited by the Commissioner (i.e., Wentz) arguably
11  supports the proposition that a VE's identification of a conflict triggers an ALJ's duty
12  to resolve the conflict, but it does not support the proposition that this is the "only"
13  circumstance requiring such a resolution.  In fact, the Commissioner's own rulings
14  state the opposite.  See Social Security Ruling ("SSR") 00-4p, at *4 ("The adjudicator
15  will explain in the determination or decision how he or she resolved the conflict
16  [between the vocational evidence and the DOT].  The adjudicator must explain the
17  resolution of the conflict *irrespective of how the conflict was identified*.") (Emphasis
18  added.).[2]  Moreover, the Commissioner's contention that the ALJ may rely solely on
19  the VE's unsupported conclusion that there is no conflict between her testimony and
20  the DOT cannot be reconciled with Ninth Circuit precedent requiring that the record
21  clearly show how the ALJ resolved apparent conflicts.  See Massachi v. Astrue, 486
22  F.3d 1149, 1153 (9th Cir. 2007) ("The procedural requirements of SSR 00-4p ensure
23  that the record is clear as to why an ALJ relied on a vocational expert's testimony,
24  particularly in cases where the expert's testimony conflicts with the Dictionary of
25  Occupational Titles."); see also Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir.

---

27      [2]      Social Security Rulings are binding on ALJs.  See Terry v. Sullivan, 903
28  F.2d 1273, 1275 n.1 (9th Cir. 1990).

5

1   1995) ("We make explicit here that an ALJ may rely on expert testimony which
2   contradicts the DOT, but only insofar as the record contains persuasive evidence to
3   support the deviation.").

4         Finally, the Court disagrees with the Commissioner's contention that the Court
5   committed clear error because, under <u>Wentz</u>, "plaintiff's attorney cross-examined the
6   VE but did not challenge the VE's representation that her testimony comported with
7   the DOT." (<u>See</u> Motion at 4.)  Claimants "need not preserve issues in proceedings
8   before the Commissioner or her delegates."  <u>See</u> <u>Hackett v. Barnhart</u>, 395 F.3d 1168,
9   1176 (10th Cir. 2005) (reversing ALJ's decision on basis of apparent DOT conflict
10  even though claimant did not raise the issue until the district court proceeding that
11  commenced two years after the ALJ hearing) (citing <u>Sims v. Apfel</u>, 530 U.S. 103, 120
12  S. Ct. 2080, 147 L. Ed. 2d 80 (2000)); <u>Gonzales</u>, 2012 WL 2064947, at *4 ("[T]he
13  fact that Plaintiff's representative did not challenge the VE's testimony as
14  inconsistent with the DOT at the time of the hearing is not conclusive as to whether
15  an apparent conflict exists, nor does it constitute a waiver of the argument.").
16  Moreover, the Commissioner's contention cannot be reconciled with Ninth Circuit
17  precedent requiring the ALJ to fulfill a special duty to fully and fairly develop the
18  record and to assure that the claimant's interests are considered, "even when the
19  claimant is represented by counsel."  <u>See</u> <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th
20  Cir. 1983); <u>see also</u> <u>Celaya v. Halter</u>, 332 F.3d 1177, 1183 (9th Cir. 2003);
21  <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001); <u>Smolen v. Chater</u>, 80
22  F.3d 1273, 1288 (9th Cir. 1996).

23

24  C.   <u>The Court did not commit clear error by finding apparent conflicts between the</u>
25       <u>VE's testimony and the DOT.</u>

26        The ALJ accepted the VE's testimony that a person with plaintiff's limitations
27  could perform the jobs of hand packager, cleaner/housekeeper, and electronics
28  worker. (<u>See</u> AR 24.) However, the Court found that the ALJ could not properly rely

6

on the VE's testimony because, "with respect to each of the three jobs used to support the ALJ's step five determination, there was a conflict between the VE's testimony and the DOT, and there was not persuasive evidence to support the deviation." (See Order at 4.)  The Commissioner contends that the Court committed clear error in finding apparent conflicts with respect to the jobs of cleaner/housekeeper and electronics worker.  (See Motion at 5-8.)

### 1.  cleaner/housekeeper

With respect to the job of cleaner/housekeeper, the Commissioner contends that the Court committed clear error in finding that the job's requirement of a duty to render personal assistance to *patrons* conflicted with plaintiff's limitation to no interaction with the *public*.  (See Motion at 5-6.)  The basis of the Commissioner's contention is that Black's Law Dictionary contains separate definitions for the words "patron" and "public."  (See id.)

The Court rejects this contention for two reasons.  First, the Commissioner could have reasonably raised this argument about Black's Law Dictionary earlier in the underlying action but failed to do so.  See Carroll, 342 F.3d at 945 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").  Second, in any event, the fact that Black's Law Dictionary does not contain identical definitions for the words "patron" and "public" did not make it clearly erroneous for the Court to find an apparent conflict because a patron could be a member of the public.

### 2.  electronics worker

With respect to the job of electronics worker, the Commissioner contends that the Court committed clear error in finding that the job's requirement of occasional exposure to toxic caustic chemicals conflicted with plaintiff's limitation to no tasks requiring hypervigilance.  (See Motion at 6-8.)  The bases of the Commissioner's

contention are that (1) a worker's avoidance of occasional exposure to toxic caustic chemicals requires only normal vigilance, not hypervigilance; and (2) at least 11 other courts have issued decisions consistent with the Commissioner's position. (See id.) The Court rejects both arguments.

First, the Commissioner's distinction between normal vigilance and hypervigilance is based on definitions from Taber's Cyclopedic Medical Dictionary. (See Motion at 7.)  The Commissioner could have raised this argument earlier in the underlying action but failed to do so.  See Carroll, 342 F.3d at 945.  In any event, excerpts from Taber's Cyclopedic Medical Dictionary do not convince the Court that it was clearly erroneous to find the existence of a conflict because a worker would have to exercise hypervigilance in order to avoid harm from occasional exposure to toxic caustic chemicals.

Second, none of the 10 cases cited by the Commissioner supports her position.[3] (See Motion at 7-8.)  In fact, only two of the cited cases even address the issue presented here (i.e., whether there was an apparent conflict between the DOT's description of the electronics worker job and a plaintiff's limitation to no tasks involving hypervigilance).[4]  The two cases that did address the issue made the same

_____

[3]     The Commissioner asserts that she has cited at least 11 cases, but the Court's review of the Commissioner's Motion reveals only 10 cited cases.  (See Motion at 7-8.)

[4]     The 10 cases cited by the Commissioner are Gutierrez v. Astrue, 2013 WL 3283706, at *3 (C.D. Cal. June 27, 2013); Jackson v. Colvin, 2013 WL 1873148, at *1-*2 (C.D. Cal. May 2, 2013); Dowdy v. Astrue, 2013 WL 395039, at *4-*8 (C.D. Cal. Jan 31, 2013); Mooney v. Comm'r Soc. Sec., 2012 WL 2150855, at *3 (C.D. Cal. June 12, 2012); Jimenez v. Astrue, 2012 WL 1067945, at *4 and n.2 (C.D. Cal. Mar. 29, 2012); Oviatt v. Astrue, 2012 WL 680347, at *5 (C.D. Cal. Feb. 29, 2012); Maidlow v. Astrue, 2011 WL 5295059, at *2 (C.D. Cal. Nov. 2, 2011); Mendivia v. Astrue, 2010 WL 4345712, at *2-*3 (C.D. Cal. Oct. 27, 2010); Palmer v. Astrue, 2009 WL 3734126, at *14 (C.D. Cal. Nov. 4, 2009); and Stoddard v. Astrue, 2009 WL 2030349, at *4, *12 (C.D. Cal. July 8, 2009).  (See Motion at 7-8.)

8

finding as the Court.  See <u>Gutierrez</u>, 2013 WL 3283706, at *3 ("Considering that the ALJ limited Plaintiff to work which precludes 'hypervigilance,' a fair and substantial question arises whether the job requirements of an electronics worker may require hypervigilance.") (citation omitted); <u>Oviatt</u>, 2012 WL 680347, at *5 (finding that the ALJ did not properly rely on the VE's testimony because "while the ALJ found that plaintiff cannot perform jobs requiring hypervigilance, the job of electronics worker involves the use of power tools to perform various tasks, and also involves toxic caustic chemicals occasionally, *i.e.*, up to one-third of the time.").

*******************

For the foregoing reasons, the Commissioner's Motion to Amend Judgment is DENIED.

DATED:  <u>September 25, 2013</u>

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE